# United States District Court
## for the
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2021

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Case No. 2:21-MJ-00443-JTR |
| JORY DANE SMITH | ) |

# CRIMINAL COMPLAINT

I, Timothy Wihera, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) September 2, 2021, in the county of Spokane in the Eastern District of Washington, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(3), 924(a)(2) | Controlled Substance User in Possession of a Firearm |

This complaint is based on these facts:

☑ Continued on the attached sheet.



_____
Complainant's signature

*Timothy J. Wihera, Special Agent ATF*
_____
Printed name and title

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date:  9-3-21



_____
Judge's signature

*John T. Rodgers, United States Magistrate Judge*
_____
Printed name and title

City and state:   Spokane, Washington

*AUSA Assigned: CAB*

*County of Investigation: Spokane*

*In Re: Criminal Complaint for Jory Dane SMITH*

## AFFIDAVIT

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | ) ss |
| Spokane County | ) |

## AFFIDAVIT IN SUPPORT

I, Timothy Wihera, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, & Explosives (ATF) and have been since December 2018.  Prior to serving as a federal agent, I served as a police officer in the City of Colorado Springs, Colorado, for over four years with primary duties as a patrol officer.  During my time as a law enforcement officer, I have participated in numerous investigations into the distribution of controlled substances and violations of federal firearms laws.

2. The facts set forth below are based upon (1) my own personal observations; (2) reports and information provided to me by other law enforcement agents or government agencies; (3) evidence collected through investigative

Affidavit in Support of Complaint - 1

operations. Because this affidavit is being submitted solely for establishing probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have only set forth facts necessary to support the authorization of the requested arrest warrant and criminal complaint.

3. I am aware from my training and experience that 18 U.S.C. § 922(g)(3) prohibits those who are unlawful users of or addicted to controlled substances from possessing firearms or ammunition that have travelled in or affected interstate or foreign commerce.

## FACTS IN SUPPORT OF COMPLAINT

4. On September 2, 2021, I and other ATF agents and other law enforcement officers executed federal search warrants on the person of Jory Dane SMITH and the premises located at 2 East Main Avenue, Apartment #24, Spokane, Washington. I was wearing plainclothes with firearm concealed, but all other agents involved were wearing police markings with firearms visible.

5. At the initiation of the execution of these warrants, I acted in an undercover capacity and contacted SMITH to attempt to have him come to a safe location to execute the warrant. ATF Special Agent (SA) William Ramsey observed a party, we later identified as SMITH, exit the building at 2 East Main Avenue. SMITH walked to the area of the intersection of East Main Avenue and

Affidavit in Support of Complaint - 2

North Division Street. ATF SA Mike Northcutt approached SMITH and detained him. SA Northcutt asked SMITH if he had anything on him. SMITH said he had a pistol in his pocket and said he could possess firearms. SA Northcutt removed a firearm, later identified as a Kimber model Micro 9 STG 9mm pistol bearing serial number PB0377970, from the left rear pants pocket of SMITH's pants.

6. I searched SMITH's right front pants pocket. I located a baggie containing what I recognize from training and experience to be approximately 26 gross grams of suspected fentanyl-laced pills. I also located a plastic baggie containing approximately 10 gross grams of what I recognize from training and experience to be suspected heroin. I also located a set of keys that agents were able to use later to lock 2 East Main Avenue, Apartment #24. SMITH was detained in the back of a police cruiser.

7. Of note, later, I observed that SMITH appeared to have fallen asleep in the back of a marked police cruiser while agents and officers executed a search warrant on his residence. This is an unusual behavior. In my training and experience, I recognize it as being consistent with drug use, especially opioid drug use.

8. When SA Northcutt contacted SMITH, he was wearing a gray Adidas brand backpack. I searched the backpack SMITH was wearing when I contacted him. Inside, I located a blowtorch. I am aware from training and experience these

Affidavit in Support of Complaint - 3

tools are often used to heat controlled substances for ingestion. In the backpack, I also located a brown cloth bag, which contained U.S. currency that had been folded in half and rubber-banded into bundles. There were twenty-seven bundles of U.S. currency. I am aware from training and experience that rubber-banding bundles of currency is a technique drug traffickers use to quickly count money. Based on the number of bundles and my knowledge of drug trafficking practices, I estimate the value of the seized currency to be approximately $27,000 (this is just an estimate, as the money has not yet been counted). I also located fourteen (14) rounds of assorted manufacturer and caliber ammunition in the backpack as well as SMITH's Washington Identification Card as well as a Costco card bearing the name Mike Motzer.

9. I asked SMITH safety questions regarding his apartment. He immediately requested to speak to a lawyer. I explained to him that I was asking these questions for the safety of occupants of the apartment, and SMITH again asked for a lawyer. I did not ask him any investigative questions.

10. As agents approached SMITH, another male, later identified as Deveraux Emerson, walked toward SMITH from the area of the rear entrance of 2 East Main Avenue, stood near SMITH, and appeared to be talking with him. Emerson was detained briefly. ATF SA Ramsey and I interviewed Emerson. Emerson said he has been a user of meth and heroin for approximately 10 years.

Affidavit in Support of Complaint - 4

He said he is best friends with SMITH. I asked if SMITH sells him drugs and he said no, SMITH will "smoke me up." (Agent's note: Based on training and experience, I know this to be slang for providing that individual with drugs). Emerson did not directly say if SMITH uses drugs or not. Based on Emerson's responses to questions, it appeared to me he was trying to limit his statements that might implicate SMITH in criminal behavior. Emerson said he (Emerson) had used heroin last approximately six to eight hours ago and said he was beginning to experience the effects of being "dope sick." Emerson told SA Ramsey he does not live in SMITH's apartment building and said he had only been there for about an hour.

11. Later, without asking any questions, I presented SMITH with the search warrants for his person and residence. SMITH told me he had a bad feeling about today and suspected that I was a police officer. Without being asked any questions, SMITH later made statements to the effect that he expected to spend a long time in prison.

12. I have consulted with Special Agents Adam Julius, Hoshi Kondo, and Jared Tomaso. Jointly, they advised me that agents accessed Apartment 24 to execute the search warrant. During their search, agents observed the apartment to be a single room apartment that was approximately 10' x 10' in size. There were no other rooms in the apartment, but it did have a single closet that was filled with

Affidavit in Support of Complaint - 5

property. There was no bed.

13. When they arrived at the apartment, a male, identified as Timothy SMITH ("Timothy"), was in the apartment. SA Kondo interviewed Timothy. Timothy told SA Kondo he did not live at the apartment and does not use controlled substances. Timothy told SA Kondo he knows SMITH uses opiates by smoking them off of foil and most recently saw SMITH do so a few days ago. SA Kondo advised that Timothy has multiple prior felony convictions to include drug convictions.

14. During their search of the apartment, agents located numerous indications of drug use, including numerous glass pipes commonly used for smoking methamphetamine and foil with burnt residue commonly used for ingesting opioids (either heroin or fentanyl pills) by smoking.

15. Agents located approximately 35 total gross grams of suspected methamphetamine in multiple packages in different locations in the apartment, including at least one package that was in plain view in the apartment. Agents located approximately 6 gross grams of suspected heroin in the apartment as well as some marijuana. There were also vehicle titling-related documents in the apartment in SMITH's name.

16. During their search of the apartment, agents located fourteen additional firearms and over 2,000 rounds of assorted manufacturer and caliber

Affidavit in Support of Complaint - 6

ammunition. Six of these firearms were located in a cabinet-style gun safe. Agents opened the gun safe with keys seized from the backpack SMITH was wearing.

17. ATF SA John Quintanilla, an ATF Interstate Nexus Expert, later examined the Kimber seized from SMITH's pants' pocket and determined it has travelled in or affected interstate or foreign commerce.

## CONCLUSION

18. Based upon the above facts, I believe probable cause exists to charge Jory Dane SMITH with 18 U.S.C. § 922(g)(3).

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully Submitted,

_____
Special Agent Timothy Wihera
Bureau of Alcohol, Tobacco, Firearms, & Explosives

Subscribed electronically and sworn to telephonically this 3rd day of September, 2021.

_____
Honorable John T. Rodgers
United States Magistrate Judge

Affidavit in Support of Complaint - 7